UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SILVANA CAROLINA HERRERA,

   Plaintiff,

v.

TAO SPA GROUP, LLC,
ROLAND LASSITER,

   Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, SILVANA CAROLINA HERRERA, brings this action against Defendants, TAO SPA GROUP, LLC and ROLAND LASSITER, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff SILVANA CAROLINA HERRERA was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Defendant, TAO SPA GROUP, LLC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of spa services, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

4. Defendant, ROLAND LASSITER, is a resident of Miami-Dade County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, TAO SPA GROUP, LLC; said Defendant acted and acts directly in the interests of Defendant, TAO SPA GROUP, LLC, in

1

relation to said co-Defendant's employees. Defendant effectively dominates TAO SPA GROUP, LLC administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, ROLAND LASSITER was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

5. In justifiable reliance upon Defendants' representations and promises, Plaintiff accepted employment and began working for Defendants as the front desk receptionist.

6. During Plaintiff's employment, Plaintiff engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA through her interstate communication.

7. During Plaintiff's employment, Defendants failed to pay Plaintiff the full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for all hours worked over 40 each week.

8. Plaintiff has attached a statement of claim as <u>Exhibit A</u> to provide initial estimates of the damages. These amounts may change as Plaintiff engages in the discovery process.

9. Defendants have knowingly and willfully refused to pay Plaintiff her legally-entitled wages.

10. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

11. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

12. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-11 above as if set forth herein in full.

13. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

14. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esquire
Bar No.: 74791